## Amos G. Barstow *et al.*

### *v.*

## Lachlan McLachlan *et al.*

99  641
46a 512
99    641
97a  ³308

*Filed at Ottawa September 21, 1881.*

1. Mechanic's lien—*when petition shows an assignment.* The mere bringing of a suit to enforce a mechanic's lien for the use of another, is not tantamount to an averment of an assignment of the claim to such person, so as properly to present the question whether the lien is assignable.

2. Same—*not released by the appointment of a receiver.* The mere appointment of a receiver under a creditor's bill against one entitled to a mechanic's lien, with an order to make an assignment to him, where none is shown to have been made, and the receiver has made no claim to the debt, will not operate to release the lien.

3. Limitation—*must be pleaded to avail.* The Statute of Limitations must be pleaded or relied on by answer to entitle a defendant to its benefit.

4. Same—*of six months—against mechanic's lien.* A purchaser under a deed of trust intervening in a proceeding to enforce a mechanic's lien against the same premises, who answers, making no objection that the beneficiary under the trust deed was not made a party, but only the trustee, can not afterwards take advantage of the omission to make the beneficiary a party within six months from the time the debt matured for which a lien is sought.

5. Contract—*when payment in property becomes a money demand.* A stipulation in a contract for services to pay a certain sum in hardware, on default of payment when due becomes an obligation to pay the amount named in money.

Appeal from the Appellate Court for the First District; —heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

Mr. J. Henry Truman, for the appellants:

The appellees had no interest in the debt for which the lien was sought, and the assignees of the indebtedness acquired no right to the lien. The statute giving the lien must be strictly construed, and it will not be extended by intendment. *Crowl* v. *Nagle,* 86 Ill. 437.

A vendor's lien is not transferable, and any act or circumstance that deprives him of the ownership of the indebtedness discharges the lien. *Leaming* v. *Richards,* 27 Ill. 431; *Keith* v. *Hoover,* 32 id. 524; *McLaurie* v. *Thomas,* 39 id. 291; *Elder* v. *Jones,* 85 id. 384; *Brownell* v. *Holt,* 89 id. 71; *Moshier* v. *Meek,* 80 id. 79.

On principle a mechanic's lien, which is also a secret one, should not be entitled to a more favorable consideration, or have a superior claim for protection. This theory is in consonance with and supported by the decisions of courts of other States having lien laws. *Roberts* v. *Fowler,* 3 E. D. Smith, 632; *Rollins* v. *Cross,* 45 N. Y. 767; *Scott* v. *Ward,* 4 G. Greene, 112; *Hawley* v. *Ward,* 4 id. 36.

The lien is not allowed to be enforced against or to the prejudice of any other creditor or any incumbrance, unless the suit is brought within six months after the last payment becomes due. Rev. Stat. 1874, p. 668.

One who purchases at a trustee's or mortgagee's sale is a creditor or incumbrancer, within the meaning of this section of the statute, and, to the amount of the mortgage debt, is entitled to protection; and his interest can be subjected to the lien only by suit against him or the owner of the equitable interest to which he has succeeded, within the period of six months limited by the statute. *Lunt* v. *Stephens,* 75 Ill. 507; *Crowl* v. *Nagle,* 86 id. 437.

The filing of a petition and prosecuting proceedings within the time specified against the parties to the contract or owners of the fee, does not satisfy the requirements of the section quoted above. The statute contemplates that every interest shall be brought into court within that time, and that failing, the petitioners lose their priority, and are subject to the. rights of the creditor or incumbrancer so omitted. *Dunphy* v. *Riddle,* 86 Ill. 22; *Crowl* v. *Nagle,* id. 437.

When the conflicting interest or incumbrance is created by deed of trust, the *cestui que trust* is the proper and essential party to the proceedings, and if he is not made a party,

his interest can not be subjected to the lien. The trustee in such cases is in no respect the representative of the indebtedness. *Scanlan* v. *Cobb*, 85 Ill. 296; *Gaytes* v. *Franklin Bank*, id. 256.

Messrs. McCoy & Pratt, for the appellees:

It was proved on the trial that no assignment of the claim had ever been made. The mistake in adding the words " for the use of Durand & Co.," was corrected by striking them out.

The real assignment to Durand is in evidence, which shows it was only for the real estate—no assignment of the other payments under the contract. McLachlan testifies, no assignment of the claim has been made by the acts of appellees.

His declining to state whether or not he owns the claim, is simply for the reason he did not know but by operation of law it had vested in the receiver appointed by the court under a creditor's bill. But he says when the suit was brought, appellees had all rights under the contract.

The only fact upon which this objection is based, is, that at one time a creditor's bill was filed against and a receiver appointed for McLachlans. What has become of that suit does not appear, and we submit it is not important. The appointment of a receiver under a creditor's bill would not, in our judgment, release a lien.

It does not appear that the receiver has ever laid claim to this demand, or in any manner interfered with the suit. For aught that appears, he has collected moneys, and paid the debt of the creditor who filed the bill, which would end it.

There can be no estoppel from the recital in the petition that the suit was brought for the use of another. The petition expressly claimed a lien, and this was notice.

The question whether or not a mechanic's lien is assignable is not involved. If it were, it could be easily shown that in equity it is. Appellants all hold under the deeds of trust made to Baird & Bradley, which are subject to the lien because recorded after the contract was made. We are not able to see an estoppel.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition filed April 26, 1876, by Lachlan and Thomas McLachlan, for the use of John M., Henry C. and Calvin Durand, against Isaac W. Bangs, Dean Bangs, Lyman Baird, George Sawin and William H. Bradley, to enforce a mechanic's lien on four certain lots of ground, under a contract in writing dated January 6, 1875, between McLachlan Bros. and Bangs Bros., whereby McLachlan Bros. agreed to build and complete by May 1, 1875, four stone-front houses on the lots, for which Bangs Bros. were to pay $28,000 in certain specified payments. Decree was entered April 18, 1878, declaring a lien, and for the payment of $2144.69, with interest at 6 per cent per annum from the 17th day of January, 1876. The record was taken to the Appellate Court for the First District on writ of error, and the decree reversed for correction, with specific directions to the circuit court to find the amount due, including interest. In all other respects the decree was, by effect of the order of reversal, affirmed. This appeal is from a decree of the Appellate Court.

It is assumed that the claim in question had been assigned, and the point is made that the McLachlans had no interest in the debt for which the lien was sought, and that the assignees of the indebtedness acquired no right to the lien, the lien not being assignable. All the foundation for the assumption of an assignment is, that the suit was commenced for the use of the Durands. There is no averment in the petition or proof of an assignment to them. The mere bringing of the suit for their use we do not regard as tantamount to an allegation of an assignment of the claim to them, and as properly raising the question whether a mechanic's lien is assignable. The petition was, subsequent to its filing, amended by striking out all averments as to the suit being for the use of the Durands. The real assignment which was made to the Durands is in evidence, showing that it was only

for some real estate, and no assignment of the payments under the contract. One of the McLachlans, too, testifies that no assignment of the claim had been made by their act.

This objection is based upon the further fact that under a creditor's bill on the part of other creditors against the McLachlans, a receiver had been appointed for them. We can not think that the mere appointment of a receiver under a creditor's bill would release the lien. It does not appear that the receiver has ever laid claim to this demand, or in any way interfered with the suit. All that the proceedings upon the creditor's bill show, is the appointment of the receiver, and an order to make an assignment to him.

By the terms of the contract one of the stipulated payments was $6000 in hardware, per order, and it is objected that a lien does not attach for payments to be made in hardware. The stipulation to pay $6000 in hardware became, in default of payment, an obligation to pay in money. The objection is without force.

To procure the means for building, Bangs Bros. borrowed $24,000 of the Phœnix Life Insurance Company, and on January 1, 1875, made four bonds, for $6000 each, payable to the order of said company, and to secure their payment, on the same day executed four deeds of trust to Lyman Baird, trustee, conveying the four lots in question, respectively.

On June 3, 1875, Bangs Bros. borrowed $2000 of the Union Trust Company, of Chicago, and to secure the payment of the same executed their deed of trust, of that date, of one of the lots to George Sawin, trustee. The beneficiaries in these deeds of trust were not made parties to the petition, but the trustees only, Baird and Sawin.

Appellants Barstow, Rawson, and the Union Trust Company, were made parties, of their own motion, February 1 and 6, 1878, and answered the same days, setting up their several interests, and how acquired, as follows: Barstow purchased two of the lots at a sale under the Baird trust deeds, made November 23, 1876, for $13,000. Rawson pur-

chased one other of the lots (lot 2) at a sale under the Sawin trust deed, December 7, 1876. And the Union Trust Company was the legal holder, by indorsement of the Phœnix Insurance Company, of the outstanding $6000 bond, secured by the Baird deed of trust on lot 2.

The point is made that the court erred in finding the lien, even if one existed, superior to the interests of Barstow, Rawson, and the Union Trust Company, and section 28 of the chapter on liens is relied on, which is as follows: "No creditor shall be allowed to enforce the lien created under the foregoing provisions as against or to the prejudice of any other creditor, or any incumbrance, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable."

It is insisted that under the above provision the beneficiaries in the above deeds of trust should have been made parties to the present proceeding within the six months named, in order to have subjected these interests acquired under the deeds of trust to the lien; that it was not enough to have made the trustees alone parties; that the trustee is not in such cases the representative of the indebtedness.

It is sufficient for the disposal of this ground of objection to the decree to say, that this limitation of the statute was not in any way set up in the circuit court, at least, by plea or answer, and no objection taken to not having made the *cestuis que trust* parties. The Statute of Limitations must either be pleaded, or insisted on by the answer, to entitle a party to the benefit of it. Mitf. Ch. Pl. 273; *Day* v. *Dunham*, 2 Johns. Ch. 191.

Barstow, in his answer, simply denies that the petitioners have any lien paramount to the interest acquired by him; and Rawson and the Union Trust Company make, as their ground of defence, the appointment of the receiver.

There are three items of amount as to the findings upon which error is assigned. They present only questions of

fact which were submitted to the court upon conflicting oral evidence. Without reviewing the evidence we will say, that after a careful examination of it we find no sufficient reason for disturbing the finding of the court below upon these questions of fact and of the amount due.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*