J. A. BOWERY, *Appellant*, v. SEARLES BABBIT, L. F. HART and STELLA G. HART, his Wife, *Appellees*.

En Banc.

Opinion filed May 20, 1930.

1152

*Joe Hatfield,* for Appellant;

*Blackwell, Donnell & Moore,* for Appellee, Searles Babbit.

DAVIS, Commissioner:

The appellant, whom we shall refer to as intervenor, was permitted by the court to intervene and file a cross-complaint for the enforcement of a lien for labor and material in a suit for the foreclosure of a real estate mortgage instituted by Searles Babbit, one of the appellees, whom we shall refer to as complainant, against L. F. Hart and his wife, Stella G. Hart, the other appellees, whom we shall refer to as the defendants.

In his amended bill of complaint, the original bill having been filed on the 14th day of June, 1927, the intervenor alleged substantially that on the 22nd day of October, 1925, he entered into an agreement with the defendant, L. F. Hart, whereby he, the intervenor, was to erect for said defendant a residence and garage on certain described property, being the same property described in the mortgage sought to be foreclosed by the complainant, for the amount of the costs of labor and materials furnished and used in the construction of said buildings and in addition thereto, 10% of the costs of said labor and material; that he furnished such labor and materials until the 19th day of June, 1926, at which time the defendant was and is still indebted to him on said contract in the sum of $10,800.12, with legal interest from said 19th day of June, 1926; that the complainant claims a lien against the property by reason of a mortgage in the sum of $10,000.00, executed by the defendants on March 27, 1926, and filed for record April 1, 1926, which lien intervenor alleges is inferior in dignity and subject to the lien and claim of intervenor, because at the time it was executed and delivered, intervenor was engaged in furnishing materials and labor for the said buildings and that said buildings were then in an uncompleted state and were in progress of construction. Intervenor's amended bill was taken as confessed by the defendants. The complainant filed an answer to the said amended bill and in his answer denied that the buildings, at the time of the execution and delivery of the mortgage and recording of same, were in an uncompleted state and also denied that they were at said time in progress of construction, and averred the truth to be that at such time, the buildings were not in an uncompleted state and were not in progress of construction, but on the contrary were in a completed state and that

when he took the said mortgage, he had no knowledge of the claim of the intervenor. He further denied that the intervenor furnished labor and material until the 19th day of June, 1926, and averred the truth to be that said buildings were completed not later than March 27, 1926. The complainant in his said answer did not invoke Section 3530, Rev. Gen. Stats., 1920, Section 5393, Comp. Gen. Laws of Fla., 1927, as a bar to the enforcement of the alleged claim of the intervenor upon the issues made. Testimony was taken before a special examiner, and upon his report, the chancellor made and entered a final decree in which he dismissed the "bill of intervention or cross-complaint of" the intervenor and foreclosed the mortgage of complainant.

In the findings of the chancellor, as embodied in said decree, appears the following paragraph:

"That the building in question had been substantially completed at the time complainant's lien accrued; that complainant had no notice of Bowery's (intervenor's) lien when complainant's lien accrued; and that the Bowery suit was not brought within twelve months from the completion of the work and the furnishing of materials."

Prior to the entry of the decree, the intervenor, being advised by the chancellor of what his findings would be, moved the court to incorporate into the final decree certain other findings which he, the intervenor, desired to have made and which were specifically set out in the motion, but this motion was denied. From the final decree, the intervenor appealed to this Court and has assigned here as error, the denial of the motion that certain findings be incorporated into the final decree, the entering of the final decree and finding therein that the buildings in question had been substantially completed at the time com-

plainant's lien accrued and that intervenor's suit was not brought within twelve months from the completion of the work and the furnishing of the materials and also the dismissal of intervenor's bill of complaint.

The court committed no error in denying intervenor's motion that certain findings be incorporated in the final decree. 10 R. C. L., Section 346, page 560. Equity Rule 88.

In the above quoted paragraph of the decree, the court used the words "that the building in question had been substantially completed at the time complainant's lien accrued." This language implies that something remained to be done which required the use of labor or material or both to *complete* the building. As to whether the building was completed, there is a conflict in the evidence; that is, if we are to consider the hanging and placing of screens, putting hardware on the windows, easing up the doors, placing a medicine cabinet in the bathroom, and putting hardware on the garage doors as being necessary to the completion of the building. Having in mind such conflict in the evidence, as well as the finding of the court, we are not prepared to say that the building was not in an uncompleted state, or that it was not in progress of construction when the mortgage to the complainant was executed and delivered. The court must have concluded from the evidence that the work on the building, though only substantially completed when the mortgage was given, was completed soon after the accrual of complainant's mortgage lien, for in the same quoted paragraph, it is made to appear that the court found that the "Bowery (intervenor's) suit was not brought within twelve months from the completion of the work and the furnishing of materials."

We are not advised upon what ground intervenor's bill was dismissed. It might have been dismissed because of

the finding of the court that the building was "substantially completed" when the mortgage was executed; hence it is necessary for us to decide whether a "substantial" completion of the labor on and the furnishing of materials for the building, gave priority to the mortgage over the statutory lien for labor and materials, notice of which had not been filed as the law requires.

Paragraph 1 of Section 3517, Rev. Gen. Stats., 1920, Section 5380, Comp. Gen. Laws of Florida, 1927, reads as follows:

"As against the owner, absolute or limited, of the property, real or personal, upon which a lien is claimed, or person deriving through his death, or purchasers or creditors with notice, the lien hereinbefore provided for shall be acquired by any person, in privity with such owner, by the performance of the labor or the furnishing of the materials. Any purchaser or creditor whose title, interest, lien or claim in or to the property shall be created, or shall arise, while the construction or repair of such property as aforesaid is in progress shall be deemed and held to be a purchaser or creditor with notice."

It is well settled here that:

"Under paragraph 1 of Sec. 3517, Rev. Gen. Stats. (Section 5380, Comp. Gen. Laws of Florida, 1927), a person who takes a mortgage from the owner of property upon which the construction of a building is in progress takes with notice of any liens that may have already been acquired thereon by the furnishing of labor or materials for the erection of such building, whether notice of such lien has been recorded on the public records or not, and without regard to the ex-

piration of the three months period which is allowed under paragraph 2 of such statute for the recording of such notice after the entire performance of the labor or the entire furnishing of the material." People's Bank of Jax v. Va. Bridge & I. Co., 94 Fla. 474, 113 So. R. 680. See also People's Bank v. Arbuckle, 82 Fla. 479, 90 So. R. 458.

If the labor upon and the furnishing of materials for the building were not finished at the time the mortgage lien accrued, construction of such building was still in progress, even though it was "substantially completed," provided the items furnished and the work done thereafter were in the exercise of good faith and within a reasonable time and in pursuance to the terms of the agreement to build the house and garage. See note 35, L. R. A. (N. S.) 901. No question has been raised by the appellee as to the work which is claimed to have been in progress at the time of the giving of the mortgage being necessary to what might be termed a "finished job," but if such question had been raised, we would feel constrained to hold that the buildings had not been completed and that work was in progress until such materials were furnished and such work was performed.

If the lower court dismissed the intervenor's bill because of the finding that intervenor's suit was not brought within 12 months from the completion of the work and the furnishing of the materials, it was necessary for the court to pass upon the weight and sufficiency of the testimony. It is a rule in this Court that where a finding of the chancellor is based upon testimony taken without the apparent opportunity to see and hear the witnesses, his conclusion is not on a par with the verdict of a jury, but his conclusion will not be disturbed unless it clearly appears to be

erroneous. Roland v. Mathews, 98 Fla. 695, 124 So. R. 34; Atlantic Bank & Tr. Co. v. Sengstak, 95 Fla. 606, 116 So. R. 267; Mock v. Thompson, 58 Fla. 477, 50 So. R. 673, and numerous other Florida cases.

In the case now here, we cannot say from the evidence that it clearly appears that the court erred in his finding, to which we last referred. However, what we have said does not dispose of the case. We have seen that the intervenor acquired a lien upon the property in question by performing work and furnishing material in the construction of certain buildings. The decree in effect holds that the life of the lien was limited to twelve months after the performance of labor upon and the furnishing of materials for the buildings; no suit having been brought in the meantime.

Section 5393, Comp. Gen. Laws of Fla., 1927, Section 3530, Rev. Gen. Stats., 1920, reads as follows:

"When there has been no record of a notice of lien, suit to enforce lien (if it exists without such record) must be brought within twelve months from the performance of the work or the furnishing of the materials, and if there has been such record, the suit must be brought within twelve months from the time of such record."

If this provision is to be regarded as any ordinary statute of limitations, which goes to the remedy and not to the right of the laboring man or material man to the relief sought, the court was in error in dismissing the bill, because the statute which we have just quoted was not invoked or pleaded by the complainant and the court was without authority to inject it into the case of its own motion; for it is a general rule that if a statute of limitations is not taken advantage of by pleading, it will be consid-

ered to have been waived by the party whose privilege it is to plead it. Green v. Rou, 56 Fla. 319, 48 So. R. 207; 1 Wood on Limitations, 4th ed., pages 25, 142, also pages 1 and 45-6; 19 A. & E. Enc. Law, 2d ed., 332-3.

Then again, if the lien of the intervenor was not lost as a result of his failure to bring suit to enforce it within twelve months of the performance of the work or the furnishing of the material and said lien was inferior to the mortgage lien, the decree should have subordinated such lien to the lien of complainant's mortgage and enforced it as to any balance after satisfying the decree foreclosing the mortgage. The lien given for the performance of labor upon and the furnishing of materials for the construction of a building is strictly statutory (Curtiss-Bright Ranch Co. v. Selden Cypress Door Co., 91 Fla. 354, 107 So. R. 679; Harvey v. Fisher, 93 Fla. 587, 112 So. R. 560; Boisot on Mechanic's Liens 3; Phillips on Mechanic's Liens, 3d Ed. 3) and when in favor of one in privity with the owner, it comes into existence when the labor is done or material furnished. Our statute is silent as to how long the lien for labor and material shall continue, and unless by construction its life is limited to twelve months from the furnishing of labor or material unless suit is brought in the meantime to enforce it, it will remain as an encumbrance upon the property forever, unless the lien is paid. Boisot on Mechanic's Liens, Sec. 13, p. 16; Phillips on Mechanic's Liens, 3d Ed., Sec. 10, p. 17; Knorr v. Elliott, 5 Serg. & R. (Pa.) 49; Eschbach v. Pitts, 6 Md. 71.

Some authorities sustain the view that if a statute limiting the time in which suits to enforce statutory liens must be brought is not pleaded, the right to invoke the statute is waived. Barstow v. McLachlan, 99 Ill. 641; Welch v. McGrath, 59 Ia. 519; Garrison v. Hawkins Lbr. Co., 111

Ala. 308, 20 So. R. 427. But it has been said that the necessity of pleading the statute of limitations applies only to cases where the *remedy alone* is taken away, in which the defense is by way of confession and avoidance and does not apply where the *right* and title of the thing is extinguished and gone and the defense is by denial of that right. 17 R. C. L. 989.

Where proceedings to enforce the lien are not instituted within the time, if any, prescribed by the statute creating the lien, the right to enforce the lien will be barred or the lien itself discharged. 40 C. J. 385; 18 R. C. L. 986; Sav. Bk. of Richmond v. P. C. Mfg. Co., 102 Va. 274, 46 So. E. R. 294; Gengo v. Mardis (Neb.), 170 N. W. R. 841, 8 A. L. R. 134; Kerley v. Hoehman (Okla.), 183 Pac. R. 980, 8 A. L. R. 141. And the courts of a number of states have held that where the statute creating the right, limits the time in which suit must be brought to enforce the right, complainant should affirmatively show that the suit was begun before the statutory period of limitations expired. No. S. Sash, etc., Co. v. Hecht, 295 Ill. 515, 129 N. E. R. 273; Richmond Sav. Bk. v. P. C. Mfg. Co., *supra;* Davis v. Bartz, 65 Wash. 395, 118 Pac. R. 334; Hayes v. Armstrong, 145 Md. 268, 125 Atl. R. 610; Lambert v. Ensign (W. Va.), 26 So. E. R. 431; Hill v. Supervisors, 119 N. Y. 344, 23 N. E. R. 921; Taylor v. Cranberry I., etc., Co., 94 N. C. 525; Finnell v. So. Kan. Ry. Co., 33 Fed. R. 427; The Harrisburg, 119 U. S. 199, 30 L. Ed. 358.

In Flanders v. Ga. Southern & F. R. Co., 68 Fla. 479, 67 So. R. 68, this Court had before it a case growing out of a statutory right of action given to recover damages for the wrongful death of a person. The statute creating the right, limited the time for bringing suits to enforce the right and the Court said: "the action must be brought

1162

within the time fixed by the statute.'' In the case just cited the question now under consideration was not raised by the pleadings or the agreed statement of facts, and the decision of the Court did not go off on the proposition that suit was not brought within the time fixed by statute; hence it cannot be invoked as authority for holding that it is not necessary to plead the statute and that the Court of its own motion can interfere, but inasmuch as the time limit for instituting suit was not brought to the attention of the Court by demurrer or plea, it may be said that the quoted language indicates that the Court, as then constituted, would have held, upon the question arising, that lapse of time was sufficient to defeat the right of action when the statute creating the right provides that suit to enforce it must be brought within a given time, though the statute was not noticed in the pleadings. But in Booker & Co. v. Leon H. Watson, Inc., 96 Fla. 671, 123 So. R. 827, 840, where the complainant brought suit to foreclose an alleged lien for material furnished in the construction of a building and appeal was taken from an interlocutory order, the Court said:

"There is no contention shown by the pleadings in this case that the suit was not brought within 12 months from the time the last material was furnished by the lien claimant. Suit was filed on January 15, 1927, and if it should develop that this date was more than one year after the last furnishing of material and that no notice of lien had been filed in the office of the clerk of the circuit court, as by statute required, the suit would abate because the lien expires by limitation at the end of twelve months from the performance of the work or the furnishing of the materials and when the lien shall have expired a suit cannot be maintained to enforce the same."

It might be said that this statement is not binding upon the Court, because no question was before the Court that called for it. Be that as it may, it is nevertheless persuasive of what the Court would have held upon the development of facts showing that the material was furnished more than twelve months before the suit to enforce the lien was instituted. Furthermore, to sustain the excerpt which we have just quoted from the opinion, the Court cited the case of Eddins v. Tweddle, 35 Fla. 107, 17 So. R. 66, where in a proceeding at law to enforce a mechanic's lien under an Act then in force, the Court held as follows:

"It is apparent upon the face of the affidavit that the plaintiff had no cause of action; that his lien, if it ever existed, had expired by limitation. This very objection was not made below, but we can not refuse to take notice, when a declaration, or a paper or pleading which stands in the place of it, (as did the affidavit) utterly fails to show a cause of action,"

and that there was no error in dimissing the action.

In handing down the opinions which we have just referred to, this Court doubtless had in mind that line of decisions which holds that where a statute confers a right and expressly fixes the period within which suit to enforce the right must be brought, such period is treated as the essence of the right to maintain the action, and that the plaintiff or complainant has the burden of affirmatively showing that his suit was commenced within the period provided. L. & N. R. Co. v. Chamblee, 171 Ala. 188, 54 So. R. 681, Ann. Cas. 1913 A 977; Martin v. Pittsburgh Ry. Co., 227 Pa. St. 18, 19 Ann. Cas. 818, 26 L. R. A. (N. S.) 1221; 17 R. C. L. 985, 1004. In other words, when the

right and the remedy are created by the same statute, the limitations of the remedy are treated as limitations of the right. The Harrisburg, *supra;* Davis v. Mills, 194 U. S. 451, 48 L. Ed. 1067.

The statute limiting the time to bring suit to enforce the lien is not regarded as a technical statute of limitations. 17 R. C. L. 991-2. See also authorities cited in dissenting opinion in Sharrow v. Inland Lines, 214 N. Y. 101, L. R. A. 1915E, 1192.

In the instant case it is alleged that the intervenor continued to furnish labor and material until the 19th day of June, 1926, which was less than twelve months prior to the filing of his bill. Inasmuch as the statute creating the right of intervenor to a lien also provides that the suit to enforce it must be brought within twelve months of the performance of the labor or furnishing of material upon the building, we hold that the allegation of furnishing labor and material within twelve months of the time of the filing of intervenor's bill, was a material allegation necessary to his case, and that it was essential that such allegation be sustained by the proof.

The Court having found as a fact that intervenor's suit was not brought within twelve months from the completion of the work and the furnishing of materials, it follows that intervenor not only lost his right to enforce the lien, but that he lost the lien itself. He is in the position of having failed to establish the existence of a lien at the time of the institution of the suit, and his bill was properly dismissed.

The decree of the lower court is therefore affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the

Court that the decree of the court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.