CARROLL, DONALD K., Chief Judge.
The plaintiff in a mechanic’s lien foreclosure suit has appealed from an order entered by the Circuit Court for Duval County dismissing his complaint because of his failure to file a notice of the pendency of the suit within one year after he had filed his claim of lien.
The statutes involved are Sections 84.21 and 84.23, Florida Statutes, F.S.A., which provide in pertinent part:
“84.21 Duration of lien. No lien provided by this chapter shall continue *570 for. a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed, containing the names of the parties to the action, the object of the action, a description of the real property and improvements affected thereby, and the time of filing the claim of lien. If a lienor having a subsisting lien is made a party defendant in an action to enforce another lien provided by this chapter, and the plaintiff or such defendant has filed a notice of the pen-dency of the action within the time prescribed in this section for bringing action to enforce such defendant’s lien, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor. The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person. Where a lein is transferred to a cash deposit or to a bond as provided in § 84.24 a notice of pen-dency of action need not be filed.”
“84.23 Discharge of lien. A lien provided by this chapter may be discharged by any of the following methods : * * *
“(3) By failure to begin an action to enforce the lien within one year from the time of filing the claim of .lien, unless an action be begun within the same period to foreclose a mortgage or to enforce another lien provided by this chapter upon the same real property and a notice of pendency of such action is filed. * * * ”
Although admitting that he failed to file a lis pendens within the one-yeár’period, the appellant-plaintiff contends that the purpose of the quoted statutes is to require the notification of prospective purchasers and encumbrancers that any interest they might acquire in the land will be subject to the decree finally rendered in the cause; and that the said requirement is not mandatory in a case like the present where the action is brought against the person who owns the property and who incurred the debt which the plaintiff is attempting to collect.
The plaintiff’s amended complaint alleges that pursuant to a contract with the defendant Charles S. Post to perform certain labor and engineering services essential to the construction of a motel and restaurant upon real property owned by the defendants, he filed a claim of lien on November 26, 1960. Without having filed a notice of pendency under the above statute, the plaintiff on January 5, 1962, filed his amended complaint foreclosing a mechanic’s lien that was the subject of their said claim of lien. In his complaint he also prayed the court to require the defendants to pay the amount claimed or show cause why they should not dó so. On March 23, 1962, the Circuit Court entered the order appealed from, granting the defendants’ motion to dismiss the complaint “with prejudice, and without leave to the plaintiff to further amend for failure of the plaintiff to file Notice of the Pendency of said cause of action with the Clerk of this Court within one year after the plaintiff filed the Claim of Lien.”
We agree that the principal purpose of Section 84.21, Florida Statutes, F.S.A., appears to be the protection of innocent third'parties, but the language of the statute is not restricted to such purpose but is broad enough, we think, to evince the intention to cover the situation before us, wherein the suit was brought against the parties owning the land and' whose contract forms the basis for the ass'erted lien.
 In several decisions the appellate courts of Florida have held that the failure *571 to file the notice of pendency of the action within one year from the date of filing the claim of lien bars the action and discharges the property from the lien. See Bowery v. Babbit, 99 Fla. 1151, 128 So. 801 (1930); Trushin v. Brown, 132 So.2d 357 (Fla.App.1961); and Adams v. Kenson Supply Company, 137 So.2d 27 (Fla.App.1962). The courts in such cases have recognized no exception to this rule when the defendants are the contracting property-owners, and we do not think such an exception is warranted.
We hold, therefore, that the Circuit Court correctly granted the defendants’ motion to dismiss the plaintiff’s complaint on the ground stated in the court’s order.
The court, however, appears to have overlooked the next-to-last sentence of Section 84.21, providing: “The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person.”
In view of this provision we think that the proper procedure was to transfer the plaintiff’s cause of action sounding in debt to the law side of the court pursuant to Rule 1.39 of the Florida Rules of Civil Procedure, 30 F.S.A., for proceedings appropriate to actions at law.
Accordingly, we affirm that part of the order appealed from dismissing the plaintiff’s complaint so far as it seeks to enforce a lien, but we remand the cause with directions to transfer the cause of action in debt to the law side of the court, as discussed above.
Affirmed in part, reversed in part, and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.