**YORK CORPORATION, Appellant,**

v.

**J. H. BROCK, Trustee in Corporate Reorganization for the Wingreen Company, Debtor, Appellee.**

**No. 25419.**

United States Court of Appeals Fifth Circuit.

Jan. 7, 1969.

Rehearing Denied March 6, 1969.

Thomas S. Trantham, Jr., Miami, Fla., Richard L. Shaw, Coral Gables, Fla., for appellant. Padgett, Teasley & Niles, Coral Gables, Fla., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., of counsel.

Irving Wolff, John H. Gunn, Miami, Fla., for appellee.

Before GEWIN, BELL and DYER, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from the disallowance of a claim of lien filed by the York Corporation pursuant to the mechanic's lien law of Florida in a Chapter X reorganization proceeding. York contends that the District Court erred in finding that its claim of lien was not recorded within the required ninety day period.[1] We disagree and affirm.

In 1962 the debtor Wingreen Company leased certain property in Gainesville, Florida, to construct a Ramada Inn, a Wolfie's restaurant, and a lounge thereon. The improvement of the property began early in 1964, and the premises opened for business on September 14, 1965. On January 25, 1966, the Wingreen Company filed a petition seeking voluntary relief in corporate reorganization under the provisions of Chapter X of the Bankruptcy Act. The reorganization court entered an order finding that the voluntary petition was filed in good faith and appointed a trustee. Faced with a multitude of conflicting claims the court appointed a special master to hold hearings and to submit his findings of fact, conclusions of law and his recommendations to the court in accordance with Rule 53, Fed.R.Civ.P.

On January 29, 1965, York contracted directly with Wingreen to supply, construct and install an air-conditioning system in the Inn, Restaurant and lounge. Work commenced on February 1, 1965. The last billing was on October 14, 1965. Although billing under the contract was submitted on a monthly basis, no billing was made during the month of Septem-

---

[1] "The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than ninety days after the final furnishing of the labor or services or materials by the lienor." F.S.A. § 84.081(5).

ber 1965. York also executed a separate maintenance contract with Wingreen by the terms of which York was responsible for all parts and services necessary to keep the system functioning. This contract had an effective date of October 1, 1965. Having completed the work called for by the sales contract without having been fully compensated, York filed its claim of lien on December 20, 1965, in which it was stated that it had commenced work on the Ramada Inn on February 1, 1965, and that the last work was performed on October 1, 1965. The amount of the obligation outstanding was stated to be $159,591.66. In spite of the October 1, 1965, date in the claim of lien, York attempted to show at the hearing that work under the sales contract was not completed until the latter part of October, 1965. The District Court, however, held that evidence of work done after October 1, 1965, was irrelevant.[2] York assails this ruling.

■ York asserts that the October 1, 1965, date was erroneously stated in its claim of lien and that there is no showing, as there must be under the Florida statute,[3] that anyone was adversely affected by the error. Manifestly, York is seeking the status of a creditor of the highest dignity and the debtor does not have nearly enough money to satisfy the secured and unsecured creditors. The evidence proffered by York of work performed after October 1, 1965, was relevant only (if admissible otherwise) to establish it as a secured creditor at a time later than that specified in its claim of lien. If the District Court had permitted this, the secured and unsecured creditors of the debtor would surely have been adversely affected. We find no abuse of discretion by the District Court in these circumstances.[4] See O'Brien Associates of Orlando, Inc. v. Tully, Fla.App.1966, 184 So.2d 202.

■ Mechanic's liens are creatures of statute and before such a lien can be acquired there must be strict compliance with the statute. Babe's Plumbing, Inc. v. Maier, Fla.App.1967, 194 So.2d 666. The lien claimant has the burden of proving the furnishing of material or labor for the improvement of the property. Hartstone Concrete Products v. Verkauf, Fla.App.1962, 147 So.2d 194. Absent bad faith or negligence the ninety day period begins to run when the last work is done which is necessary to a *finished* job, not when enough work is done to render the job *substantially* completed. Bowery v. Babbit, 1930, 99 Fla. 1151, 128 So. 801; Century Trust Co. of Baltimore v. Allison Realty, Fla.1932, 141 So. 612.[5]

We proceed to examine the facts of this case in the light of the above discussion.

York's evidence of work performed by it under the sales contract was vague and contradictory. Its order of proof was difficult to follow because of the lack of chronology of alleged performance under the sales contract and the maintenance contract. Its record keeping either was not designed to or, in any event, did not pinpoint performance dates. Several witnesses upon whom York leaned heavily were unable to explain why the documents from or about which they testified

2. While the Special Master used October 1, 1965, as a cut-off date, the record discloses that York was not entirely unsuccessful in introducing events that transpired thereafter.

3. "The omission of any of the foregoing details or errors [the time the last item of labor or materials was furnished] in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error." F.S.A. § 84.081(4) (a).

4. We thus forego consideration of the admissibility on other grounds of the proffered testimony and exhibits sought to be introduced by York, delineating events which took place after October 1, 1965.

5. *In passim*, the District Court's application of a standard of substantial completion was erroneous, but in view of our disposition of the case the error was harmless.

had been altered. These alterations involved erasures of September dates and substitutions of October dates.

Allen, an erection and maintenance engineer employed by York, testified that he did repair work but not maintenance work. He later testified that there was no difference and that men who did one type of work did the other type also. Certain reports made by Allen while he was working at the Ramada Inn job site were admitted into evidence. Allen testified that he made these reports and then sent them to the York office in Atlanta. He could not recall how many reports he had made and therefore did not know whether all of his reports had been admitted into evidence or whether some of them had been withheld. He did not know why October dates on certain of the reports had been altered. Other testimony by Allen placed Pierce, a man who according to Allen did nothing but maintenance work for York, at the Ramada Inn job site on the week prior to September 19, 1965. Allen further testified that, although many things remained to be done, the system was first started on August 29, 1961.

Eden was employed as an estimator and engineer by Gunn Plumbing, York's subcontractor. He did not know when the air-conditioning system had first been started up or when the system was completed. He testified that ordinarily no maintenance work is done and no maintenance men are present until the installation is completed. This testimony becomes significant when coupled with Allen's testimony that Pierce, York's maintenance man from Jacksonville, was present at the job site and was working on the system during the week prior to September 19, 1965.

Peters, an accountant in York's Contract Accounting Department, testified that his department sent out monthly bills, but he could not explain why there was no monthly bill for the month of September, 1965. Peters admitted that on his worksheet the word "September" had been erased and the word "October" had been superimposed over it. Thus the October column was where the September column should have been, and the September column was missing. Peters could not remember when or for what reason the alteration was made. The next prior billing to the final billing of October 14, 1965, was the billing made on August 27, 1965. Peters testified that on or prior to August 27, 1965, York had furnished approximately $311,000 worth of material and labor under the sales contract which called for a total of $314,000 worth of materials and labor. Peters stated that the job was substantially complete on August 27, 1965. Peters was also questioned about a credit of approximately twenty five hundred dollars which appeared on York's claim of lien. He could not explain its origin or meaning. The figure is significant because Peters previously testified that only about $3,000 worth of work remained to be done under the sales contract as of August 27, 1965.

Albert Krause was hired by Wingreen on August 28, 1965, to maintain the York air-conditioning equipment at the Ramada Inn. One of the conditions of his employment was that he be approved by York as being capable of maintaining such equipment. He testified on behalf of the trustee that when the equipment was started up on August 28, 1965, it functioned properly with only adjustments remaining to be made. He further testified that on September 15, 1965, the air-conditioning system was functioning in complete and final form.

As we have observed, the testimony of York's witnesses was contradictory, incomplete and inconclusive. A careful review of the record convinces us that the lower court was fully justified in finding that York failed to bear its burden of proving that work or materials were furnished under the sales contract after September 20, 1965. The judgment of the District Court is affirmed.