In The Matter Of Elmer J. REARDON and Darlene L. Reardon, Debtors.

Elmer J. REARDON and Darlene L. Reardon, Plaintiffs,

v.

Ronald DeGREGORIO and Raymond Mushrall, Defendants.

Elmer J. REARDON and Darlene L. Reardon, Plaintiffs,

v.

C. J. PICARD, Defendant.

Elmer J. REARDON and Darlene L. Reardon, Plaintiffs,

v.

MECHANICS SAVINGS BANK, Defendant.

Bankruptcy No. 2–80–01158.

Adv. Nos. 2–81–0048—2–81–0050.

United States Bankruptcy Court, D. Connecticut.

April 21, 1981.

Elliot Lane, Hartford, Conn., for plaintiffs.

Joseph V. Meaney, Jr., Gross, Hyde & Williams, Hartford, Conn., for Mechanics Savings Bank, defendant.

## MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

The debtors, Elmer J. Reardon and Darlene L. Reardon, husband and wife, filed their joint petition for relief pursuant to 11 U.S.C. Chapter 13 on November 13, 1980. They subsequently converted their case to a case under Chapter 7 on February 2, 1981. On February 6, 1981, they filed three separate complaints to avoid the fixing of certain liens on real property listed in their schedules of assets, on the grounds that the liens impaired exemptions to which they were entitled.[1] All three complaints were heard at the same time.

The properties to which the Reardons seek to apply their claimed exemptions are two residences located at 17 Bliss Street and 21 Bliss Street, Hartford, Connecticut. The first of these, 17 Bliss Street, is jointly owned with rights of survivorship by Elmer and Darlene. Title to the second property, 21 Bliss Street, is in Elmer, subject, however, to a life estate in his mother, Cora Reardon. The properties are subject to the following encumbrances in the stated amounts, recorded in the land records of the City of Hartford.

### 17 Bliss Street

| | | |
|---|---|---|
| 1. | First mortgage held by Hartford Home Savings & Loan Association | $17,441.62 |
| 2. | Second mortgage held by City of Hartford | $ 5,812.32 |

---

1. *11 U.S.C. § 522. Exemptions.*

. . . . .

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

  (1) a judicial lien . . .

3. Mechanic's lien held by Ronald DeGregorio and Raymond Mushrall, dated March 30, 1978 and recorded April 4, 1978 ..... $ 4,760.00

4. Mechanic's lien held by C. J. Picard, dated January 15, 1979 and recorded January 30, 1979 ..... $ 710.00

5. Judgment lien held by Mechanics Savings Bank (Bank), dated September 25, 1979 and recorded September 26, 1979 ..... $ 3,389.06

### 21 Bliss Street

1. Mortgage held by Hartford Federal Savings and Loan Association ..... $18,352.81

2. Judgment lien held by Mechanics Savings Bank dated September 25, 1979 and recorded September 26, 1979 ..... $ 3,389.06

The first complaint, bearing Adversary Proceeding No. 2–81–0048, named Ronald DeGregorio and Raymond Mushrall as the defendants, referred to their lien as a "mechanic's lien" and requested its avoidance. The second complaint, bearing Adversary Proceeding No. 2–81–0049, named C. J. Picard as the defendant, referred to his lien as a "mechanic's lien" and requested its avoidance. The third complaint, bearing Adversary Proceeding No. 2–81–0050, named the Mechanics Savings Bank as defendant, referred to its lien as a judicial [judgment] lien which "affects only Elmer J. Reardon's interest in the real estate" and requested its avoidance. At the hearing, of all the named defendants only the Bank appeared, and, upon request by the debtors, the mechanic's lienors were defaulted for failure to appear. The debtors introduced documentary evidence to prove the status of the title to the properties and the nature and amounts of the encumbrances. The debtors presented a real estate appraiser who placed the fair market value of 17 Bliss Street at $35,000.00, and of 21 Bliss Street at $45,000.00. The debtors also produced a witness with an actuarial background who testified that based on the age of the life tenant (69), a valuation of $45,000.00 for the

property, a mortgage of $18,352.81 encumbering the property, and the actuarial table employed by the Internal Revenue Service set forth in Treasury Regulation § 20.2031–10(f), the value of Elmer's remainder interest in 21 Bliss Street comes to $13,377.00.

At the end of the hearing, the debtors claimed that since the mechanic's lienors were defaulted for failure to appear, judgment for the debtors, as requested in the complaints, should automatically follow. The court concludes that such a judgment cannot be entered despite the entry of the defaults for failure to appear.[2] It is settled that ". . . even after default it remains for the court to consider whether the unchallenged facts constitute legitimate causes of action, since a party in default does not admit mere conclusions of law". 10 *Wright and Miller, Federal Practice and Procedure, Civil* § 2688 at 282. *Thomason v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); *Nishimatsu Construction Co., Ltd. v. Houston National Bank,* 515 F.2d 1200 (5th Cir. 1975); *Trans-World Airlines, Inc. v. Hughes,* 449 F.2d 51, 65 (2nd Cir. 1971), *reversed on other grounds* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); *Went v. Schmidt,* 117 Conn. 257, 167 A. 721 (1933). The debtors' complaint alleged that the liens of C. J. Picard and Ronald DeGregorio and Raymond Mushrall are mechanic's liens, and the documentary evidence introduced validated this allegation. The court has no power to grant avoidance of these mechanic's liens as judicial liens. 11 U.S.C. § 522(f) permits the avoidance of judicial liens only, and mechanic's liens are not *judicial* liens, they are *statutory* liens. A judicial lien is defined in 11 U.S.C. § 101(27) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". 11 U.S.C. § 101(38) defines a "statutory lien" as a "lien arising solely by

2. Bankruptcy Rule 755 governing default omits the distinction between "entry of default" and "entry of judgment" as found in Federal Rule of Civil Procedure 55. According to the Note of the Advisory Committee on Bankruptcy Rules contained in the Collier Pamphlet Edition of the Bankruptcy Rules (1975), the distinction was omitted "as inappropriate and unnecessary in adversary proceedings". I do not believe, in view of the expansion of the bankruptcy court's jurisdiction under the Bankruptcy Reform Act, that it continues to be inappropriate and unnecessary to apply the distinction between entry of default and entry of judgment of default in bankruptcy adversary proceedings.

force of a statute on specified circumstances or conditions ... but does not include ... judicial lien, whether or not such ... lien is provided by or is dependent on a statute ... or ... is made fully effective by statute". The legislative history of § 101(38) as contained in H.R.No.95–595, 95th Cong. 1st Sess. (1977) 314; S.R.No.95–989, 95th Cong. 2nd Sess. (1978) 27, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5813, points out that a statutory lien "is *only* one that arises automatically, and is not based on an agreement to give a lien or on judicial action". (Emphasis supplied). Examples given are mechanic's, materialmen's, and warehousemen's liens. Connecticut mechanic's liens are provided for by Conn.Gen.Stat. § 49–33. Connecticut cases have uniformly held that a mechanic's lien is purely a creature of statute, in derogation of the common law, and arises automatically upon the performance by a contractor of certain services. *New Haven Orphan Asylum v. Haggerty Co.*, 108 Conn. 232, 142 A. 847 (1928); *J. L. Purcell, Inc. v. Libbey*, 111 Conn. 132, 149 A. 225 (1930). Such a lien is clearly within the definition of 11 U.S.C. § 101(38), and *not* within the definition of § 101(27). Section 522(f), therefore, as a matter of law, does not permit the avoidance of the fixing of such statutory liens as Connecticut mechanic's liens.[3] *Cf. In re Riberio*, 7 B.R. 359 (Bkrtcy. D.Mass.1980), which reaches the same conclusion with respect to the Massachusetts mechanic's lien law.

■ The Bank's judgment lien, which is clearly a judicial lien, can be avoided as to 17 Bliss Street, since it would impinge on Elmer's exemption. This property has a fair market value of $35,000.00, and after deducting the total mortgage indebtedness of $23,253.94, $11,746.07 equity remains for the Reardons. This amount, when equally divided between the two Reardons, gives each an equity of $5,873.03. Any judicial lien applied to this amount impairs the statutory homestead exemption provided for by § 522(d)(1) of $7,500.00, to which Elmer is entitled. However, the Bank's judgment lien cannot be avoided as to 21 Bliss Street because it does not impair the remaining portion of Elmer's homestead exemption of $1,626.97 ($7,500–$5,873.03 = $1,626.97). The value of Elmer's remainder interest, $13,377.00, less $1,626.97, leaves $11,750.03 available for the Bank's lien of $3,389.06.

Although the debtors themselves introduced the testimony that the value of Elmer's remainder interest was $13,377.00, they ask the court in their brief to ignore this valuation and find that a remainder interest in a one-family home, occupied by a life tenant aged 69, has only nominal fair market value. No cases were cited to the court wherein a vested remainder was valued for purposes of determining a debtor's equity therein and applying a homestead exemption. It is obvious that vested remainders have value, and the only probative evidence before the court is the valuation of $13,377.00. As previously noted, this valuation was computed according to the actuarial tables employed by the Internal Revenue Service to arrive at values of life estates and remainder interests for gift and estate tax purposes. Tax cases deciding the applicability of these tables have held that to avoid their use, a party must offer *evidence* that the tables provided for by Treasury regulations "are unreasonable and unrealistic and that a more reasonable method of valuation is available ...". *Estate of Bogley v. U. S.*, 514 F.2d 1027, 1040 (U.S. Court of Claims, 1975). No evidence was presented on this issue in this proceeding.

In summary, in Adversary Proceeding Nos. 2–81–0048 and 2–81–0049, the debtors' request for relief is denied. In Adversary Proceeding No. 2–81–0050, the plaintiffs' request for relief is granted to the extent of

3. The debtors, however, do not lose anything by this holding since Conn.Gen.Stat. § 49–39 and § 49–40a provide that mechanic's liens which are not foreclosed within two years after such liens have been filed are void. The mechanic's liens of Ronald DeGregorio and Raymond Mushrall, and C. J. Picard, certificates of which are in evidence, were filed on April 4, 1978 and January 30, 1979, respectively. Thus, these liens are void and unenforceable and no longer represent encumbrances upon the property of the debtors. *Diamond National Corporation v. Dwelle*, 164 Conn. 540, 325 A.2d 259 (1973).

avoiding the Bank's judgment lien as to 17 Bliss Street, Hartford, Connecticut.