**In re Peter PIAMBINO, Debtor.**

**Bankruptcy No. 84–01467–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 27, 1984.

Linda L. Gruel, Lake Worth, Fla., for debtor.

Gary I. Zwickel, Zwickel, Gross & Kessler, Lake Worth, Fla., James R. Merola, Levy, Shapiro, Kneen & Kingcade, Palm Beach, Fla., for Robert Leeland etc. Palm Beach, Fla.

the debtors' liquidation value is zero.

Daniel L. Bakst (trustee) Johnson & Bakst, P.A., West Palm Beach, Fla., for trustee.

## ORDER DENYING MOTION TO AVOID LIEN

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 7 debtor seeks (C.P. No. 13) avoidance under 11 U.S.C. § 522(f) of a lien evidenced by a Final Judgment in the amount of $38,824 entered on July 25, 1984 by the Circuit Court for the Fifteenth Judicial Circuit of Florida in Case No. 84–2947 CA (L) B. The debtor alleges that this lien was a judicial lien which impairs an exemption and therefore is avoidable under the cited statute.

The bankruptcy was commenced on August 7. The debtor has claimed a homestead exemption for his home in Palm Springs and that exemption is not disputed.

The judgment identified above memorializes a lien in favor of Robert Lelland General Contractor, Inc. against the Palm Springs real property which is exempt under Florida law as the plaintiff's homestead. Neither the complaint nor the record before me, which includes the judgment, explicitly identifies the basis of the judgment.

The judgment-creditor has filed an objection (C.P. No. 14) asserting that the lien is a statutory rather than a judicial lien and therefore is not avoidable. The debtor/movant has the burden of proving entitlement to the relief he seeks. He has not carried that burden and for that reason alone the motion must be denied.

The authorities cited by the judgment-creditor stand for the proposition that a mechanics' lien is a statutory rather than a judicial lien for the purposes of § 522(f). The inference, therefore, is that the judgment in question here rests upon a Florida mechanics' lien. If so, there is no question that it is a statutory lien. Chapter 713, Florida Statutes; *York Corporation v. Brock*, 405 F.2d 759, 761 (5th Cir.1969); *Matter of Lowery Bros., Inc.*, 589 F.2d 851, 862 (5th Cir.1979). Although both of these cases were decided under the former Act, each identifies the Florida mechanics' lien statute as one which creates a purely statutory lien.

Section 522(f)(1) is applicable only to judicial liens and, therefore, is not applicable to a statutory lien. The two terms are defined in § 101(27) and (38). Mechanics', as well as material men's and warehousemen's liens, are typical examples of statutory liens which are not subject to avoidance under § 522(f). The legislative history makes that clear. *In re Ribeiro*, 7 B.R. 359, 360 (Bkrtcy.D.Mass.1980). As stated in that decision:

"Furthermore, the mere fact that in order to enforce a lien a supplier may be required to resort to the courts does not make that lien a judicial lien."

See also *Matter of Reardon*, 10 B.R. 697, 699 (Bkrtcy.D.Conn.1981).

The motion is denied.