**In re Robert John TOWNSEND & Ethel G. Townsend, Debtors.**

**Robert John & Ethel G. TOWNSEND, Plaintiffs,**

v.

**SOUTH ABINGTON SEWER AUTHORITY, Defendant.**

**Bankruptcy No. 5–81–01018.
Adv. No. 5–82–0205.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Oct. 4, 1982.

Sylvia H. Hahn, Scranton, Pa., for plaintiffs.

James Edson O'Connell, Scranton, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The debtors commenced an adversary proceeding pursuant to 11 U.S.C. § 522(f) to avoid a lien on their real property held by the South Abington Sewer Authority (the Sewer Authority). The Sewer Authority has moved for judgment on the pleadings and we hereby grant the motion.

The debtors, Robert John Townsend and Ethel G. Townsend, are owners of a parcel of real property in the Township of South Abington, Lackawanna County, Pennsylvania. While the property was owned by the debtors' predecessors in interest, the Sewer Authority commenced construction of a system of sanitary sewers in the township. An assessment in the amount of $897.00 was approved by the governing board of the Sewer Authority on May 19, 1969. The Sewer Authority filed a municipal claim in the Court of Common Pleas of Lackawanna County against the debtors' predecessors in interest on July 26, 1971. Construction on the sewer was completed on August 15, 1971. The Sewer Authority filed the first "Suggestion of Non-Payment and Averment of Default" in the Court of Common Pleas of Lackawanna County against the debtors on February 1, 1977, and filed the second on February 1, 1982.

The parties agree that the Sewer Authority has a valid lien on the debtors' property. The question presented is whether the debtors can avoid this lien pursuant to 11 U.S.C. § 522(f) to the extent it impairs the debtors' exemptions in bankruptcy. In pertinent part, § 522(f) states as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) * * *

The debtors contend that the encumbrance of the Sewer Authority is a judicial lien and thus would be subject to avoidance under § 522(f)(1), while the Sewer Authority contends that the encumbrance is a statutory lien. The Bankruptcy Code defines these terms. A "'judicial lien' means [a] lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). A statutory lien is defined as follows:

[A] "statutory lien" [is a] lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(38). In order to determine if the lien of the Sewer Authority is a judicial or statutory lien we must examine the Pennsylvania statutory provisions which authorize the fixing of liens for sewer construction.

Under Pennsylvania law the Sewer Authority is vested with the power to charge the cost of construction of any sewer or water main against the properties benefited. Pa.Stat.Ann. tit. 53, § 306(B)(s) (Purdon). Such charges are defined as municipal claims. *Id.* at § 7101. Such "municipal claims which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ... in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a lien on said property...." *Id.* at § 7106. Due to § 7106 the lien of the Sewer Authority arose automatically through force of statute without resort to judicial process. *Taylor v. West End Federal Savings & Loan Association (In Re Taylor),* 17 B.R. 586 (Bkrtcy.W.D.Pa.1982); *United States v. Oswald and Hess Company,* 225 F.Supp. 607 (W.D.Pa.1964), *rev'd on other grounds,* 345 F.2d 886 (3rd Cir.1965); *see also, Township of Lower Merion v. Manning,* 95 Pa.Super. 322 (1928). Although Pennsylvania law provides that the Sewer Authority's lien attaches automatically without judicial process, the debtors correctly assert that Pennsylvania law requires the Sewer Authority to file its lien after the attachment of the lien for the lien to remain in force; the debtors contend that use of judicial process transforms the lien into a judicial lien. We disagree. The Bankruptcy Code defines a statutory lien as a lien *arising* solely by force of statute. The lien in question arose under the provisions of § 7106 and meets the literal reading of that section. Merely because the state ultimately requires its municipalities to file their statutory liens in order to provide notice does not deprive these statutory liens of their status as such. This result is further supported by the legislative history of the Bankruptcy Code which indicates that mechanic's liens and materialmen's liens are typically statutory liens. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. As with the Sewer Authority's lien, these liens arise through force of statute although they typically require some form of judicial filing for their continued effectiveness.

In conclusion, we find that the lien of the Sewer Authority is a statutory lien and cannot be avoided under 11 U.S.C. § 522(f)(1). We therefore grant the Sewer Authority's motion for judgment on the pleadings.