**In re Shad E. RAMSEY and Mary E. Ramsey, Debtors.**

**Bankruptcy No. 3-88-00268.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 27, 1988.

Christopher M. Hawk, Dayton, Ohio, for debtors.

Charles L. Grove, III, Dayton, Ohio, for respondent, Nationwide Roofing & Sheet Metal, Inc.

DECISION AND ORDER DENYING MOTION OF DEBTORS TO AVOID MECHANICS' LIEN OF NATIONWIDE ROOFING AND SHEET METAL, INC.

WILLIAM A. CLARK, Bankruptcy Judge.

PROCEDURAL POSTURE

This matter is before the court upon a motion of the debtors/movants, Shad E. and Mary E. Ramsey, to avoid under 11 U.S.C. § 522(f) a mechanics' lien, which is held by the respondent, Nationwide Roof-

ing and Sheet Metal, Inc., and encumbers the debtors' residence. This proceeding arises under title 11, is within the district court's jurisdiction pursuant to 28 U.S.C. § 1334(b), and has been referred to this court by virtue of the district court's standing order of reference. This matter is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(K)—determination of the validity, extent, or priority of liens—and (O)—other proceedings affecting the adjustment of the debtor-creditor relationship.

At the hearing on the debtors' motion, counsel for the debtors stated that the debtors are not contesting the validity of respondent's mechanics' lien or the process by which it was obtained, but only whether or not a mechanics' lien is subject to avoidance under Section 522(f) of the Bankruptcy Code.

### CONCLUSIONS OF LAW

Section 522(f)(1) of the Bankruptcy Code provides that,

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien.

The sole issue before the court is whether a mechanics' lien obtained in accordance with Ohio law constitutes a "judicial lien" as defined by the Bankruptcy Code and is, thereby, avoidable under 11 U.S.C. § 522(f). In general, the Bankruptcy Code divides the concept of lien into three types of liens: judicial liens, security interests, and statutory liens. These "three categories are mutually exclusive and are exhaustive except for certain common law liens." H.R. Rep. No. 595, 95th Cong., 1st Sess. 312 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6269. A "security interest" is a lien created by agreement, 11 U.S.C. § 101(45), and is obviously not applicable to the instant proceeding. The inquiry is whether a mechanics' lien is to be classified as a "judicial lien" or as a "statutory lien," which are defined by the Bankruptcy Code as follows:

"Judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(32).

"Statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute. 11 U.S.C. § 101(47).

While the definition of a judicial lien is arguably of sufficient breadth to encompass a mechanics' lien, the legislative history of the Bankruptcy Code makes it quite clear that Congress envisioned a mechanics' lien as falling within the definition of a "statutory lien":

> A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien. H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977), U.S. Code Cong. & Admin.News 1978, p. 6271.

Case law has been consistent with this congressional intent and construes mechanics' liens as "statutory liens" and not avoidable under Section 522(f). *See, e.g., In re Wisner,* 77 B.R. 395 (Bankr.N.D.N.Y.1987); *In re Piambino,* 45 B.R. 243 (Bankr.S.D. Fla.1984); *Reardon v. Mechanics Savings Bank (In re Reardon),* 10 B.R. 697 (Bankr. Conn.1981).

In addition Congress' characterization of a mechanics' lien as a "statutory lien" comports with the nature of a mechanics' lien obtained in Ohio:

> The right of one who furnishes labor or material for the construction or repair of a structure to a lien therefor is *created entirely by statute....* The Mahoning Park Co. v. The Warren Home Development Co., 109 Ohio St. 358, 364; 142 N.E. 883, 885 (1924) (Emphasis Supplied).

Under Ohio law, once a lien claimant has complied with certain procedural require-

ments of Ohio Rev.Code § 1311.01 *et seq.* and filed an affidavit in the office of the proper county recorder, the lien attaches and relates back to the date that work on the project began. Ohio Rev.Code § 1311.13. The lien is a statutory lien, and not a judicial lien, because no judicial action was necessary for its creation. It arose upon respondent's compliance with the requirements of Ohio's mechanics' lien statute.

Ohio law provides the owner of property encumbered by a mechanics' lien with the right to serve a notice to the lienholder to commence suit, thereby compelling the lienholder to either enforce his lien or forfeit it. Ohio Rev.Code § 1311.11. But the possibility of future judicial involvement, which did not occur in debtors' case, does not vitiate the status of respondent's lien as a statutory lien. (Whether a subsequent judgment in favor of a mechanics' lienholder alters the nature of its lien is not before the court.) "[T]he mere fact that in order to enforce a lien a supplier may be required to resort to the courts does not make that lien a judicial lien." *Evans Products Co. v. Ribeiro (In re Ribeiro),* 7 B.R. 359, 361 (Bankr.Mass.1980).

For the foregoing reasons it is hereby ORDERED that debtor's motion to avoid respondent's mechanics' lien is DENIED.