### In re Clinton Bradley WHITFORD and Kathy Virginia Whitford, Debtors.

#### No. BK 89–50092.

United States Bankruptcy Court, S.D. Illinois.

July 13, 1989.

Charles R. Douglas, Atty. at Law, Granite City, Ill., pro se.

Carol L. Cagle, Alton, Ill., for debtors.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Charles R. Douglas, an attorney, was originally employed by debtors to represent them in the prosecution of personal injury claims stemming from an automobile accident on December 14, 1985. Debtors subsequently terminated their employment of Mr. Douglas and hired another attorney, Thomas Hildebrand. On January 22, 1987, Mr. Douglas served notice in writing by certified mail upon the defendant in the personal injury action claiming an attorney's lien in the amount of $1,997.50 upon any proceeds of the personal injury action. A copy of the notice was served on the defendant's insurance carrier.[1]

In January, 1989, debtors were awarded a judgment for personal injuries of $7,000.00 for Clinton Whitford and $7,500.00 for Kathy Whitford. On February 23, 1989, debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code claiming, on schedule B–4, the personal injury awards as exempt property under Ill.Rev.Stat. ch. 110, para. 12–1001(h)(4). The liability carrier for the defendant in the personal injury action has refused to pay the judgments without adjudication of the attorney's lien, prompting debtors to file the instant motion. Debtors' motion seeks to avoid this lien on the basis that it impairs their exemptions in property as granted under Illinois law.[2] In response, Mr. Douglas argues that he has a statutory lien which cannot be avoided by debtors.[3]

Mr. Douglas further argues that debtors' bankruptcy case should be dismissed because debtors perpetrated a fraud on the Court and on Mr. Douglas. According to Mr. Douglas, a fraud was committed because debtors, on their bankruptcy schedules, have treated their current attorneys more favorably than he has been treated. Debtors' attorney in the bankruptcy proceeding is Carol Cagle, the wife and law partner of Thomas Hildebrand. In their bankruptcy petition, debtors state that they owe Mr. Hildebrand a one-third contingency fee for his representation in the personal injury action and that they owe Carol Cagle $400.00 for her representation in their bankruptcy proceeding. On schedule A–3, Mr. Douglas is listed as an unsecured creditor having an attorney's lien for fees and costs of $3,000.00. Neither Mr. Hildebrand nor Ms. Cagle are listed as creditors

---

1. Debtors do not contend that Mr. Douglas failed to properly perfect an attorney's lien in accordance with Illinois law.

2. Although debtors' motion fails to state under which provision they are proceeding, it is obvious from the language of the motion and from their oral argument on April 13, 1989 that they are relying on 11 U.S.C. § 522(f). Clearly, debtors do not rely on 11 U.S.C. § 545 to avoid the fixing of the lien. Nor have they set forth any factual basis which would support statutory lien avoidance under this section.

3. At the hearing of this matter, Dr. E.L. Strotheide, D.C., appeared by counsel. Dr. Strotheide argued that he has a lien for medical services rendered to debtors pursuant to Ill.Rev. Stat. ch. 82, para. 101.1 which should not be avoided. However, debtors have never moved to avoid a lien filed by Dr. Strotheide. Accordingly, this matter is not at issue before the Court.

of the debtors on the debtors' bankruptcy schedules. Notably, though, Mr. Douglas never filed a complaint objecting to the debtors' discharge prior to discharge being entered on May 11, 1989.

■ Debtors argue that statutory liens are avoidable under the plain language of 11 U.S.C. § 522(f). However, this is not the case. Section 522(f) states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Debtors make no attempt to argue that section 522(f)(2) applies in the instant case. Section 522(f)(1), on its face, permits the avoidance of *judicial* liens rather than *statutory* liens. Debtors cite no authority in support of their novel position that section 522(f)(1) applies to statutory liens. Thus, the sole argument available to debtors—but not made by them—is that Mr. Douglas' lien for attorney fees is a judicial lien. Unfortunately for debtors, this also is not the case.

With a few exceptions not applicable here, the Bankruptcy Code discusses three types of liens—judicial liens, statutory liens and security interests. "These 'three categories are mutually exclusive and are exhaustive except for certain common law liens.' " *In re Ramsey*, 89 B.R. 680, 681 (Bankr.S.D.Ohio 1988) (quoting H.R.Rep.

No. 595, 95th Cong., 1st Sess. 312 (1977), ·*reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6269). The Bankruptcy Code states that a security interest is a "lien created by an agreement." 11 U.S.C. § 101(45). The Code also defines judicial and statutory liens. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(32). A statutory lien is a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(47).

A statutory lien, then, as distinguished from a security interest, is one that "arises by force of statute, without any prior consent between the parties.... If the creation of the lien is dependent upon an agreement, it is a security interest even though there is a statute which may govern many aspects of the lien." 2 *Collier on Bankruptcy* ¶ 101.47 at 101–111 to 101–112 (15th ed.1989) (footnote omitted). The statutory lien is further distinguished from the judicial lien because "a judicial lien arises by virtue of judicial proceedings in the absence of which there would not be such a lien; yet the statutory lien by definition may arise without any judicial proceeding." *Id.* at 101–112 (footnote omitted). See also *In re Coston*, 65 B.R. 224, 226 (Bankr.D.N.M.1986) (a statutory lien arises automatically and is not based on an agreement to give a lien or on judicial proceedings). Moreover, a statutory lien is not transformed into a judicial lien merely because it requires some form of judicial intervention for its continued effectiveness or enforcement. *E.g., In re Townsend,* 27 B.R. 22, 24 (Bankr.M.D.Pa.1982).

In the present case, Mr. Douglas' lien clearly was not created by an agreement to give a lien. Nor did it come into being by virtue of a judicial proceeding. Rather, it

was obtained in accordance with an Illinois statute which provides, *inter alia:*

§ 1. Attorneys at law shall have a lien upon all claims, demands and causes of action ... which may be placed in their hands by their clients for suit or collection ... for the amount of any fee which may have been agreed upon ... or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys ... rendered on account of such suits, claims, demands or causes of action. To enforce such lien, such attorneys shall serve notice in writing, which service may be made by certified mail, upon the party against whom their clients may have such suits, claims or causes of action.... Such lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than 5 days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien.

Ill.Rev.Stat. ch. 13, para. 14.

Mr. Douglas acquired his lien when he served written notice upon the defendant in the personal injury action. Thus, his lien arose and attached automatically—without judicial process—upon his compliance with Illinois' statutory scheme for perfection of an attorney's lien. That the statutory scheme contemplates ultimate enforcement of the lien through judicial action does not compel a finding that the lien is judicial in nature. *See In re Townsend,* 27 B.R. at 24. Moreover, other courts which have examined this provision of the Illinois statutes have held that compliance with its terms gives rise to a statutory attorney's lien. *See Kallen v. Litas,* 47 B.R. 977, 984 (N.D.Ill.1985); *In re Kleckner,* 65 B.R. 433, 434–35 (Bankr.N.D.Ill.1986); *Unger v. Checker Taxi Co.,* 30 Ill.App.2d 238, 241, 174 N.E.2d 219 (1961). Accordingly, debtors may not avoid Mr. Douglas' lien for attorney fees.

■ Mr. Douglas, on March 16, 1989, also filed a motion to dismiss debtors' bankruptcy case predicated upon fraudulent treatment of certain creditors. This motion, while setting forth the factual basis on which Mr. Douglas relies, fails to indicate the section of the Bankruptcy Code under which he is proceeding. Mr. Douglas did not further clarify his position at oral argument on April 13, 1989. On April 19, 1989, with leave of Court, Mr. Douglas filed a brief, in which, for the first time, he objects to debtors' discharge under 11 U.S.C. section 727.

Section 707 of the Bankruptcy Code, 11 U.S.C. § 707, authorizes dismissal of a chapter 7 case under certain circumstances. Section 707(a) authorizes dismissal only for cause, which includes, but is not limited to, unreasonable delay by the debtor, nonpayment of certain fees or charges and the debtor's failure to file with the court the necessary schedules and statements. *E.g.,* 4 *Collier on Bankruptcy, supra,* ¶ 707.03 at 707–6 (examples enumerated by § 707(a) are merely illustrative). Filing a bankruptcy petition in bad faith is also considered grounds for dismissal under section 707(a). *Id.* at 707–9.

However, the Court does not find that debtors' conduct amounts to bad faith. The debts to Mr. Hildebrand and Ms. Cagel are clearly revealed on the debtors' statement of financial affairs. Ms. Cagel further discloses the compensation due her on the attorney disclosure statement. There is no indication of an intent to hide these obligations from the Court or any creditor. The fact that Ms. Cagel and Mr. Hildebrand are husband and wife and also law partners does not give rise to a presumption of impropriety. Even if Ms. Cagel represented debtors in both the bankruptcy and the personal injury action, absent some evidence more probative than presented here, it would not constitute an impropriety. Consequently, the fact that her husband represents the debtors in their personal injury suit, without more, is nothing short of a red herring.

■ Nor does section 707(b) provide a vehicle for dismissal of debtors' case. Sec-

tion 707(b) authorizes dismissal in cases where the Court finds that granting a discharge would be a substantial abuse of the provisions of Chapter 7. However, the substantial abuse issue may only be raised *sua sponte* by the Court or by motion of the United States Trustee. A party in interest, such as Mr. Douglas, has no remedy under this section. 11 U.S.C. § 707(b). See also 4 *Collier on Bankruptcy, supra,* ¶ 707.05 at 707–13 to 707–15.

Finally, Mr. Douglas' allegations of fraud and his objection to discharge should properly have been brought as an adversary proceeding under 11 U.S.C. section 727. Bankruptcy Rule 7001. But, Mr. Douglas never filed a complaint objecting to discharge. The bar date for filing such complaints passed on May 9, 1989. Thus, the Court will not consider relief under this section.

IT IS ORDERED that debtors' motion to avoid lien is DENIED. IT IS FURTHER ORDERED that Mr. Douglas' motion to dismiss debtors' bankruptcy is DENIED.