**In re Delma Earnest WILTCHER & Billie Dean Wiltcher.**

**Bankruptcy No. 95–02919JEE.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

May 3, 1996.

Patrick M. Rand, Don A. McGraw, Canton, Mississippi, for William Martin.

Paul A. Koerber, Jackson, Mississippi, for Debtors.

## MEMORANDUM OPINION

EDWARD ELLINGTON, Chief Judge.

The Court has before it in this chapter 7 proceeding, a *Motion to Terminate Automatic Stay and for Abandonment,* filed by William G. Martin, a creditor, pursuant to § 362 of the Bankruptcy Code[1]. Also before the Court is the Debtors' *Cross–Motion for Avoidance of Lien* brought pursuant to § 522(f)(1) of the Bankruptcy Code. Upon request of the parties the Court will decide this matter based on a stipulation of facts and memorandum briefs filed by the parties in support of their positions. After having considered the matter and being fully advised in the premises, the Court holds that the *Motion to Terminate Automatic Stay and for Abandonment* is well taken and should be granted and the Debtors' *Cross–Motion for Avoidance of Lien* is not well taken and should be denied. In so holding, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The material facts are not in dispute, as they are derived from the stipulation of facts entered into by the Debtors and William Martin.

On November 15, 1993, William Martin filed in the Construction Lien Book in the land records found in the Office of the Chancery Clerk of Madison County, Mississippi, a Notice of Construction Lien in the amount of $10,649.66 against a certain five acre parcel of real property owned by the Wiltchers.

On April 21, 1994, William Martin commenced suit to enforce the lien by filing a complaint in the Circuit Court of Madison County, Mississippi. On July 11, 1995, a final judgment based on a jury verdict was entered in favor of William Martin against the Wiltchers in the amount of $8,677. The judgment provides that it shall be a valid and enforceable lien against the following described real property:

A tract of land containing one (1) acre, more or less, on the east side of Hart Road, located in the NE ¼ of SE ¼, Section 22, Township 9 North, Range 3 East, Madison County, Mississippi, and more particularly described as follows:

Commencing at an iron pipe representing the NE corner of the SE ¼, Section 22, and run thence South 89° 48′ West 1,299.5 feet to an iron bar on the east side of Hart Road; thence run South 0° 06′ West along the east side of Hart Road for 609.93 feet to an iron bar to the point of beginning of the property herein described; thence run East 250 feet to a point; thence run North 0° 06′ East 210 feet to a point; thence run West 195 feet to a point; thence run South 0° 06′ West 190 feet to a point; thence run East 55 feet to a point on the East side of Hart Road; thence run South 00° 06′ West 20 feet to the point of beginning.

On September 8, 1995, the Wiltchers filed their petition for relief under Chapter 7 of the Bankruptcy Code. In their schedules, the Wiltchers claim a homestead exemption in the real property in question. Mr. Martin then filed the present motion for relief from the automatic stay so that he may enforce his lien. The Wiltchers responded to the motion for relief denying that Mr. Martin is entitled to relief from the automatic stay, and also filed a cross-motion to avoid Mr. Martin's lien pursuant to § 522(f)(1) of the Bankruptcy Code.

---

1. Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

## CONCLUSIONS OF LAW

The Court will first consider the Wiltchers' motion to avoid the lien held by Mr. Martin on the homestead property of the Wiltchers.

The Wiltchers contend that the lien which Mr. Martin holds against their homestead property is a judicial lien subject to avoidance under the provision of § 522(f)(1) which provides in relevant part as follows:

11 U.S.C. § 522

§ 522. **Exemptions.**

. . . .

(f)(1) Notwithstanding any waiver of exemptions *but subject to paragraph (3)*, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien. . . .

In support of their position, the Wiltchers offer the judgment which was entered against them in the Circuit Court of Madison County, Mississippi as support for the proposition that Mr. Martin's lien may be avoided. They assert that entry of the judgment transformed the nature of the construction lien from a statutory lien into a judgment lien.

Mr. Martin contends that the lien is not a judicial lien subject to avoidance under § 522(f). Instead Mr. Martin contends that his lien is a statutory lien arising pursuant to Miss.Code Ann. § 85–7–131 (1972) and, as a statutory lien, may not be avoided under § 522(f). He further contends that entry of the judgment in order to enforce the lien does not change the lien's original character as a statutory lien.

Section 101(36) of the Bankruptcy Code defines a judicial lien as follows, " 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

In contrast to a judicial lien, a statutory lien is defined in § 101(53) of the Bankruptcy Code as follows:

"statutory lien" means lien arising solely by force of statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;

The statute under which Mr. Martin claims a statutory lien is found at Miss.Code Ann. § 85–7–131 (1972) and provides in pertinent part as follows:

§ 85–7–131. **Property subject to lien; effective as to purchasers, etc., without notice.**

Every house, building, water well or structure of any kind, . . ., erected, constructed, altered or repaired, . . ., shall be liable for the debt contracted and owing, for labor done or materials furnished, or architectural engineers' and surveyors' or contractors' service rendered about the erection, construction, alteration or repairs thereof; and debt for such services or construction shall be a lien thereon. The architects, engineers, surveyors, laborers, and materialmen and/or contractors who rendered services and constructed the improvements shall have a lien therefor. . . . . Such lien shall take effect as to purchasers or encumbrancers for a valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, or notice thereof, in the office of the clerk of the chancery court, as hereinafter stated;

. . . .

Regarding enforcement of a construction lien, Mississippi law further provides:

§ 85–7–141. **Commencement of suit to enforce lien.**

Any person entitled to and desiring to have the benefit of such lien shall commence his suit in the circuit court of the county in which the property or some part thereof is situated, if the principal of his demand exceeds two hundred dollars, within twelve months next after the time when the money due and claimed by the suit became due and payable, and not after; and the suit shall be commenced by peti-

tion, ...; and such suits shall be docketed and conducted as other suits in said court, and may be tried at the first term.

Miss.Code Ann § 85–7–141 (1972).

■ The issue which the Court must decide is whether a construction lien arising under Mississippi law, which law also requires the commencement of a suit to enforce the lien, is a statutory lien or a judgment lien.

Various courts addressing the issue have held that subsequent judicial action taken to enforce a lien does not transform a statutory lien into a judicial lien. In *Glinka v. Hinesburg Sand and Gravel, Inc. (In re APC Construction)*, 132 B.R. 690 (D.Vt.1991), the court stated that "the Bankruptcy Code categorizes a lien by the way it is *established,* not by how it is preserved. A statutory lien is a lien 'arising' because of 'specified circumstances of conditions' laid out in the statute. 11 U.S.C. § 101(47)" *Id.* at 694. In so stating, the court held that Vermont's statutory lien scheme which requires use of the judicial process to perfect a mechanics lien does not convert that statutory lien into a judicial lien. *Id.*

Likewise, in *Stern v. Munroe (In re Munroe)*, 44 B.R. 15, 18 (Bankr.D.Mass.1984), the court held, "[t]he requirement of a judicial action to enforce the lien and establish its particular priority does not transform its essential character to a judicial lien; the existence of the lien is not dependent on judicial action."

Upon considering the avoidability of a contractor's lien under § 522(f)(1), the court stated in *Sato v. Property Improvement & Supply Corp. (Matter of Sato)*, 9 B.R. 38, 39 (Bankr.E.D.Wis.1980), "[the contractor's] lien was not obtained by judgment. It's lien arose on the first day that its supplied labor and materials to improve the debtors' property, ... and was virtually automatic under the Wisconsin Construction Lien Law. .... [T]he court rejects the contention that the [contractor's] foreclosure action transformed its initial statutory lien into a judicial lien." *See also Townsend v. South Abington Sewer Authority (In re Townsend)*, 27 B.R. 22, 24 (Bankr.M.D.Penn.1982); *Evans Products*

*Co., v. Ribeiro (In re Ribeiro)*, 7 B.R. 359, 360–61 (Bankr.D.Mass.1980).

■ The Court agrees with the foregoing authority that under the Bankruptcy Code, where a lien comes into existence automatically by virtue of a statute, subsequent judicial action which may be required to perfect, liquidate or enforce the lien does not change the nature of the lien from a statutory lien to a judicial lien. Miss.Code Ann. § 85–7–131 (1972) provides that a lien arises and attaches to real property at the same time a debt is incurred for materials used or services provided for the improvement of that property. The lien is then perfected as to third parties either from the time notice of the lien is filed in the chancery clerk's office or from the time a suit is commenced to enforce the lien. Miss.Code Ann. § 85–7–141 (1972) further provides that in order to enforce the lien, a suit must be commenced within 12 months after the time the money claimed by the suit became due.

The Court holds that under Mississippi law Mr. Martin's lien arose at the time the debt arose for materials or services provided for the improvement of the property in question. The Court further holds that under the Bankruptcy Code, since the lien arose by operation of the Mississippi statute, the lien is a statutory lien, and the judgment entered in favor of Mr. Martin did not transform the statutory lien into a judgment lien. Therefore, the Wiltchers' motion filed pursuant to § 522(f)(1) to avoid the lien held by Mr. Martin will be denied.

■ The Court next turns to Mr. Martin's motion for relief from the automatic stay and for abandonment. Since the Court holds that Mr. Martin's lien on the homestead property of the Wiltchers may not be avoided pursuant to § 522(f)(1) of the Bankruptcy Code, Mr. Martin holds a valid lien against the property. A discharge has been entered under Chapter 7 of the Bankruptcy Code in the Wiltchers' case. Therefore, the Wiltchers have been discharged of any personal liability for the claim of Mr. Martin. However, pursuant to § 362(c) of the Bankruptcy Code, the automatic stay is no longer effective upon entry of the order of discharge. Therefore, Mr. Martin's motion for

relief from the automatic stay should be granted.

A separate final judgment consistent with the Court's opinion will be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.

### FINAL JUDGMENT

Consistent with the Court's Memorandum Opinion entered contemporaneously herewith, it is hereby ordered and adjudged as follows:

1. The *Motion for Relief from the Automatic Stay and for Abandonment* filed by William Martin shall be, and hereby is, granted, and the automatic stay is lifted as to the following parcel of real property:

A tract of land containing one (1) acre, more or less, on the east side of Hart Road, located in the NE ¼ of SE ¼, Section 22, Township 9 North, Range 3 East, Madison County, Mississippi, and more particularly described as follows:

Commencing at an iron pipe representing the NE corner of the SE ¼, Section 22, and run thence South 89° 48' West 1,299.5 feet to an iron bar on the east side of Hart Road; thence run South 0° 06' West along the east side of Hart Road for 609.93 feet to an iron bar to the point of beginning of the property herein described; thence run East 250 feet to a point; thence run North 0° 06' East 210 feet to a point; thence run West 195 feet to a point; thence run South 0° 06' West 190 feet to a point; thence run East 55 feet to a point on the East side of Hart Road; thence run South 00° 06' West 20 feet to the point of beginning.

2. The *Cross–Motion for Avoidance of Lien* filed by the Wiltchers shall be, and hereby is, denied.

3. This judgment constitutes a final judgment for the purposes of Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.

**SO ORDERED.**