**In re James Michael MITCHELL and Elizabeth H. Mitchell, Debtors.**

**No. 00–13511.**

United States Bankruptcy Court, N.D. Mississippi.

March 1, 2001.

Selene D. Maddox, Tupelo, MS, for debtor.

Robin R. De Leo, Mandeville, LA, Cliff R. Easley, Bruce, MS, A. E. Rusty Harlow, Jr., Grenada, MS, John S. Simpson, Ridgeland, MS, for creditors.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for relief from automatic stay filed by Gibson Construction, Inc., ("Gibson"); response thereto having been filed by James Michael Mitchell and Elizabeth H. Mitchell ("debtors") and by the Chapter 7 trustee ("trustee"); as well as, a motion to avoid judicial lien filed by the debtors with a response by Gibson; the parties having agreed to submit their respective motions to the court based on an agreed stipulation of facts and memorandum briefs; and the court, having received and reviewed same, finds as follows, to-wit:

## I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28

U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B), (F), and (G).

## II.

The parties stipulated to the following pertinent facts:

1. The debtors, James Michael Mitchell, who is one and the same person as Mike Mitchell, and Elizabeth H. Mitchell, who is one and the same person as Elizabeth Hardin Mitchell, are husband and wife, and are joint owners of a parcel of land in Calhoun County, Mississippi, more particularly described as being in the NE 1/4 of the NE 1/4 of Section 28, Twp. 14 South, Range 1 East. Said parcel of land contains forty (40) acres, more of less, and is the homestead of the debtors.

That homestead was established on said property on or about February 12, 1996, as shown by Homestead Application made Exhibit "A" hereto [1]. The Calhoun County Tax Assessor's Office has said property, together with improvements thereon, valued at $106,090.00, as shown by Exhibit "A."

2. The creditor, Gibson Construction, Inc., furnished the labor to construct a home on the debtor's property as described in the preceding paragraph, from October 5, 1994, until January 20, 1995, for and on behalf of debtors.

3. The creditor, Gibson Construction, Inc., having not received payment for its labor performed to construct the debtors' home, filed an affidavit and notice of labor lien with the Chancery Clerk of Calhoun County, Mississippi, at 11:00 a.m. January 25, 1995. Said notice of labor lien was filed by said clerk in Construction Lien Book No. A1 at page 19 of the records in her office, as shown by copy of said affidavit and notice of lien made Exhibit "A" to creditor's motion.

4. Creditor, Gibson Construction, Inc., filed its complaint against the debtors, Mike Mitchell and Elizabeth Mitchell, in Cause No. C95–070 of the Circuit Court of Calhoun County, Mississippi, for the labor performed by employees of the creditor, Gibson Construction, Inc., in the construction of said home for debtors, in the amount of $31,908.00, together with prejudgment interest and attorney fees. Said complaint was filed on April 17, 1995, and is made Exhibit "B" to the creditor's motion.

5. Creditor Gibson Construction, Inc., obtained a judgment against the debtors on its complaint for the labor performed in the construction of said home, in the above styled and numbered cause, dated June 12, 2000, effective as of May 5, 2000, in the total amount of $48,804.00, together with all costs accruing therein, and legal interest at the rate of 8% per annum, from and after the date of said judgment. The $48,804.00 included the $31,908.00 for labor in the construction of said home, as well as, pre-judgment interest and attorney fees. A copy of said judgment is made Exhibit "D" to creditor's motion.

6. The only other lien or mortgage on debtors' homestead property is a First Deed of Trust to Bancorp South Bank in the approximate amount of $14,000.00.

Having reviewed the court file, including the pleadings contained therein, the court makes the following findings:

1. The debtors filed their joint Chapter 7 petition on August 8, 2000.

---

**1.** The court reviewed Exhibit "A" in the course of its deliberations, but has not attached a copy to this opinion.

2. The judgment obtained by Gibson against the debtors in the Circuit Court of Calhoun County, Mississippi, was entered of record by Deborah Dunn, Circuit Clerk of Calhoun County, Mississippi, on June 14, 2000.

3. The entry of the Gibson judgment against the debtors occurred within 90 days of the filing of the bankruptcy case.

4. In their schedules, the debtors have asserted a homestead exemption as to the forty acre parcel of property described hereinabove.

5. As set forth in his response to Gibson's motion, the Chapter 7 trustee does not object to the automatic stay being lifted so long as recovery by Gibson is limited to execution on the debtor's homestead property. The trustee asserts that the Gibson judgment is a voidable preference and objects to any attempt by Gibson to assert its lien against any other non-exempt property of the estate.

### III.

As set forth in the stipulated facts, Gibson obtained a judgment against the debtors for labor incurred in constructing the debtors' home. After obtaining the judgment, Gibson proceeding to an execution sale of the debtors' home and one acre appurtenance. This sale was stayed by the filing of the bankruptcy case on August 8, 2000. Gibson promptly filed a motion for relief from the automatic stay requesting that it be allowed to proceed with the execution sale of the debtors' homestead property. Citing Miss.Code Ann. § 85–3–47, Gibson asserts that homestead property is not exempt from an execution sale if the underlying debt is for labor or materials furnished in construc-

tion of improvements on the homestead property.

The debtors initially filed a motion to avoid the judicial lien of Gibson pursuant to § 522(f)(1), which allows debtors to avoid such a lien to the extent that it impairs an exemption to which the debtors would be otherwise entitled[2]. The debtors argue that Miss.Code Ann. § 85–3–47 applies only when the debt being executed upon is evidenced by a judgment. In their brief, the debtors assert that the judgment obtained by Gibson is a voidable preference because it was obtained within 90 days preceding the bankruptcy filing. As such, the debtors contend that the judgment may be set aside thus preventing Gibson's utilization of Miss.Code Ann. § 85–3–47.

### IV.

Before examining § 522(f)(1) and Miss. Code Ann. § 85–3–47, the court must first determine the nature of the lien held by Gibson in this case. As set forth in the stipulated facts, Gibson furnished labor in the construction of the debtors' home. Miss.Code Ann. § 85–7–131 indicates that a lien on a house is automatically created to secure any debt for labor or materials provided in the construction of the dwelling. This lien is enforceable against certain third parties without notice from the time of the commencement of a suit to enforce the lien or the filing of the contract or notice thereof in the office of the appropriate chancery clerk. For reference purposes, the pertinent portions of § 85–7–131 are set forth as follows:

§ 85–7–131. Property subject to lien; effect as to purchasers, etc., without notice.

Every house, building ... or structure of any kind ... erected, construct-

---

2. Unless otherwise indicated, all subsequent statutory citations are to the United States

Bankruptcy Code. Mississippi Code sections will be noted as Miss.Code Ann.

ed, altered or repaired ... shall be liable for the debt contracted and owing, for labor done or materials furnished ... and debt for such services or construction shall be a lien thereon. The ... laborers, and materialmen and/or contractors who rendered services and constructed the improvements shall have a lien therefor.... If such house, building, structure, or fixture be in a city, town or village, the lien shall extend to and cover the entire lot of land on which it stands and the entire curtilage thereto belonging; or, if not in a city, town or village, the lien shall extend to and cover one (1) acre of land on which the same may stand, if there be so much, to be selected by the holder of the lien.... Such lien shall take effect as to purchasers or encumbrancers for valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, or notice thereof, in the office of the clerk of the chancery court ...

Miss.Code Ann. § 85–7–133 sets forth what is required in order to "perfect" the construction lien created by § 85–7–131. For reference purposes, § 85–7–133 is set forth as follows:

§ 85–7–133. Chancery clerk to keep record of construction liens.

Each of the several chancery clerks of this state shall provide in his office, as a part of the land records of his county, a record entitled "Notice of Construction. Liens" wherein notices under Section 85–7–131 shall be filed and recorded, and such liens, as provided hereunder, shall not take effect unless and until some notation thereof shall be filed and recorded in said record showing a description of the property involved, the name of the lienor or lienors, the date of

filing, if and where suit is filed, and if and where contract is filed or recorded.

The mechanism for enforcing a construction lien under Mississippi law is provided by Miss.Code Ann § 85–7–141, which provides, in pertinent part, as follows:

§ 85–7–141. Commencement of suit to enforce lien.

Any person entitled to and desiring to have the benefit of such lien shall commence his suit in the circuit court of the county in which the property or some part thereof is situated ... within twelve months next after the time when the money due and claimed by the suit became due and payable, and not after, and the suit shall be commenced by petition, describing with reasonable certainty the property upon which the lien is averred to exist, and setting out the nature of the contract and indebtedness, and the amount thereof ... such suits shall be docketed and conducted as other suits in said court, and may be tried at the first term.

Miss.Code Ann. § 85–7–153 provides that after a judgment is obtained on the suit to enforce the lien, a special writ of execution shall issue allowing the sale of the subject property as follows:

§ 85–7–153. Execution.

When the judgment shall be against the house, building, structure, or fixture and land, or against the same without the land ... a special writ of execution shall issue, to make the amount recovered by sale of the property, which shall be described therein ...

Once the special writ of execution has been issued, Miss.Code Ann. § 85–7–155 authorizes the sale of the subject property to satisfy the debt as follows:

§ 85–7–155. Sale of house, building, etc., with or without land; procedure; purchasers estate and land.

If such special writ of execution be for the sale of a house, building, structure, or fixture and the land, or for the sale of the same without the land, the officer shall levy on, advertise, sale, and convey the same as in other cases of land levied on for debt; . . .

The above referenced Mississippi statutes indicate that obtaining redress for the non-payment of labor or materials furnished in the construction of a dwelling is a multi-step process. The lien is automatically created when labor or materials are furnished. (§ 85–7–131) This lien may be perfected as to third parties by filing a notice in the office of the chancery clerk of the county in which the dwelling is located. (§ 85–7–133) The lien is then enforced by filing a complaint in the circuit court of the county in which the dwelling is located. (§ 85–7–141) Once a judgment is obtained, a special writ of execution is issued. The special writ of execution allows the dwelling to be sold to satisfy the lien. (§ 85–7–155) Significantly, the judgment, resulting from the suit required by § 85–7–141, is only one step in the process to enforce the lien which was created by § 85–7–131.

## V.

■ The debtors are seeking to utilize § 522(f)(1) of the Bankruptcy Code to avoid Gibson's lien on their homestead property. Section 522(f)(1) provides, in part, as follows, to-wit:

Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under section (b) of this section, if such lien is—

(A) a judicial lien . . .

11 U.S.C. § 522(f)(1)(A).

The debtors contend that Gibson is attempting to enforce a judicial lien against their homestead property, and that § 522(f)(1) is therefore triggered to allow the debtors to avoid the lien. Gibson counters with the argument that § 522(f)(1) does not apply in this instance because the lien in question is a statutory lien rather than a judicial lien. Fortunately, these terms are defined in the Bankruptcy Code as follows:

"judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

"statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include a security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest of lien is made fully effective by statute;

11 U.S.C. § 101(36), (53).

Based on the analysis of the Mississippi statutes applicable to the creation, perfection, and enforcement of a construction lien, set forth in paragraph IV, the court concludes that the lien in this proceeding is a statutory lien which may not be avoided by the debtors pursuant to § 522(f)(1). The United States Bankruptcy Court for the Southern District of Mississippi has reached a similar conclusion. *See, In re Wiltcher*, 204 B.R. 488, 490 (Bankr. N.D.Miss.1996) (The lien, arising under Miss.Code Ann. § 85–7–131, is a statutory lien even though a judgment was obtained for lien enforcement purposes.)

Accordingly, the debtor's motion to avoid Gibson's judicial lien is not well taken and will be denied.

## VI.

In its motion to terminate the automatic stay, Gibson cites Miss.Code Ann. § 85–3–

47, which provides that property is not exempt from the collection of a debt arising from labor or materials furnished to the property. Gibson argues that because it holds a lien which is enforceable against property, unprotected by the debtor's homestead exemption, sufficient cause exists to terminate the automatic stay.

■ In an attempt to circumvent the provisions of Miss.Code Ann. § 85–3–47, the debtors raised, as an alternative defense, that Gibson's judgment is a voidable preference under the Bankruptcy Code since it was enrolled within 90 days of the filing of the bankruptcy case. The debtors contend that once Gibson's judgment is set aside, § 85–3–47 will no longer apply, and the debtors may effectively assert their homestead exemption against Gibson's statutory lien claim. The debtors' argument requires a close examination of the pertinent portions of Miss.Code Ann. § 85–3–47, which reveals that the section forbids claiming an exemption in property not only against a "judgment" for labor performed, but also for "any labor done thereon, or materials furnished therefor." Dividing § 85–3–47 into its component parts explains the statute's effect:

> [N]or shall any property be exempt [1] from sale for non-payment of taxes or assessments, or [2] from any labor done thereon, or [3] materials furnished therefor, or [4] when the judgment is for labor performed or upon a forfeited recognizance or bail bond.

Although "parts 1 and 4" refer to "sale" and "judgment" respectively, "parts 2 and 3" contain no such conditions. The statute provides that property is not exempt "from any labor done thereon, or materials furnished therefor," regardless of whether the debt has been reduced to a judgment or has been enforced through an execution sale.

## VII.

■ Addressing the debtors' assertion that Gibson's judgment is a voidable preference, the court has before it only the debtors' brief submitted in support of the motion to avoid Gibson's judicial lien. A preference cause of action, asserting § 547(b) of the Bankruptcy Code, requires the filing of a complaint and a trial. The court at this time makes no findings or conclusions concerning such a cause of action. However, the debtors should be mindful of § 547(b)(5), the element of the preference test that requires a preference defendant to receive more, as a result of the alleged preferential transfer, than the defendant would receive in a hypothetical Chapter 7 bankruptcy distribution. Gibson already had a statutory lien which was enforceable against the debtor's property. The circuit court suit and the resulting judgment were procedural or ministerial "hoops" that were necessarily followed to enforce the lien, much like a pre-petition foreclosure of a deed of trust which is generally not a voidable preference. Even, assuming arguendo, that the judgment could be set aside, the statutory lien would survive and the process of enforcement could begin anew.

## VIII

■ Since Gibson holds an unavoidable claim against the debtors for constructing their residence, and because Miss.Code Ann. § 85–3–47 dictates that the debtors may not claim an exemption in their homestead property against such a claim, the court finds that sufficient cause exists to lift the automatic stay in this Chapter 7 case.

Based on the foregoing analysis, the court finds that the automatic stay should be lifted for the limited purpose of allowing Gibson to proceed with enforcement of its statutory construction lien and result-

ing judgment against the debtors' house and one acre appurtenance.

A separate order will be entered accordingly.